UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKHTIAR SAHAK,<br><br>                Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; SIRCE OWEN, Acting Director for Executive Office for Immigration Review; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAM BONDI, Attorney General of the United States,<br><br>                Respondents. | Case No.:  3:26-cv-02292-LEK-SBC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Before this Court is Petitioner Bakhtiar Sahak's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on April 10, 2026. [Dkt. no. 1.] Respondents Christopher J. LaRose, Senior Warden, Otay Mesa Detention Center, San Diego, California; Daniel A. Brightman, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement ("ICE"); the U.S. Department of Homeland Security ("DHS"); Todd M. Lyons, Acting Director, ICE,

DHS; Sirce Owen, Acting Director for the Executive Office for Immigration Review; Kristi Noem, Secretary, DHS; and Pam Bondi, Attorney General of the United States ("Respondents"), filed their return to the Petition ("Return") on April 22, 2026. [Dkt. no. 5.] Petitioner filed a traverse in support of the Petition ("Traverse") on April 27, 2026. [Dkt. no. 6.]

## BACKGROUND

Petitioner, a citizen of Afghanistan, entered the United States on December 1, 2021. Petitioner approached border officials and informed them that he was afraid to return to Afghanistan. [Petition at ¶¶ 17-18.] Petitioner was subsequently detained for approximately one and a half months. During that time, he was referred to an asylum officer, who conducted an interview and found that Petitioner had a credible fear. [Id. at ¶ 19.] It was also determined that Petitioner was neither a flight risk nor a danger to the community. Therefore, on January 19, 2022, Petitioner was released on conditional parole, pursuant to Title 8 United States Code Section 1226, and subject to a bond payment. See id. at ¶ 20.

Also on January 19, 2022, Petitioner was issued a Notice to Appear, which stated that he was "an 'alien present in the United States who has not been admitted or paroled' under Section 212(a)(6)(A)(i)" and required him to appear before the Los Angeles Asylum Office, where his removal proceedings were pending. [Id. at ¶¶ 20-21.] Petitioner states that he: complied with all of the conditions of his parole; timely filed an application for asylum; and obtained a work permit, social security card, and a California driver's license. [Id. at ¶ 22.]

On September 13, 2025, Petitioner was working as a delivery driver and was attempting to make a delivery to an address near the border. [Id. at ¶ 24.] Petitioner reportedly told the U.S. Customs and Border Protection ("CBP") officer that "he went into Mexico by accident." See Return, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 9/14/25 ("Form I-213")) at 3. As soon as he realized what happened, Petitioner got out of his car, which was in Mexico, and started to walk towards

2

3:26-cv-02292-LEK-SBC

a CBP officer. See id. The Form I-213 states Petitioner "attempted to enter without inspection through the San Ysidro Port of Entry." [Id. at 2.] Although Petitioner "denies actually 'exiting' the U.S. and 'entering' Mexico," whether Petitioner actually did so is not relevant to the Petition, which asserts "a 'prolonged detention' argument and not an 'unlawful re-detention' argument."[1] See Petition at ¶ 24.

Petitioner was detained on September 13, 2025, but he was taken to a hospital for treatment because he suffered a medical emergency. After that, he was held at a CBP facility in San Ysidro for five days, and then he was transferred to the Otay Mesa Detention Center, where he remained through the filing of the Petition. See id. at ¶ 25.

On September 24, 2025, a Notice to Appear was issued that required Petitioner to appear before an immigration judge on September 29, 2025. [Id. at ¶ 27.] At the September 29, 2025 master calendar hearing, Petitioner appeared with his counsel who was representing him in connection with his asylum application, but counsel did not handle cases in which the applicant was detained. The immigration judge therefore continued the proceedings to November 12, 2025 to allow Petitioner to secure new counsel. At the November 12, 2025 hearing, Petitioner appeared with new counsel, but the immigration judge continued the hearing to December 11, 2025 and directed Petitioner to file an amended asylum application. See id. at ¶¶ 28-29.

Petitioner filed the amended asylum application prior to the December 11, 2025 hearing, but the immigration judge continued the hearing to January 28, 2026 and directed Petitioner to file a declaration and other documentation to support the amended asylum application. Petitioner complied, and during the January 28, 2026 hearing, the case was set for a merits hearing on June 2, 2026, which the immigration judge stated was the earliest available date. See id. at ¶¶ 30-31. However, during April 2026, the

---

[1] Petitioner, however, does not waive any argument that his re-detention was unlawful. See Petition at ¶ 24.

3

June 2 merits hearing was vacated *sua sponte*, and another master calendar hearing was scheduled for May 14, 2026. See id. at ¶ 32. Prior to the filing of the instant Petition, Petitioner had not requested a bond hearing before an immigration judge because immigration judges "in this jurisdiction have consistently ruled that they do not have jurisdiction to redetermine the conditions of custody over individuals" in situations similar to Petitioner's. See id. at ¶ 33.

Petitioner contends that he is being detained "without a tenable justification and without a demonstration that removal is significantly likely in the reasonably foreseeable future" and that this violates his Fifth Amendment right to due process. See id. at ¶¶ 35, 37; see also id. at ¶¶ 44-54.

Among other things, Petitioner asks this Court to order his immediate release from custody or, in the alternative, direct Respondents to hold "an immediate bond hearing before a neutral decisionmaker where DHS bears the burden of justifying [Petitioner]'s continued detention by clear and convincing evidence and where alternatives to detention and [Petitioner]'s ability to pay a bond are considered." [Id. at pg. 16.]

Respondents argue that Petitioner is subject to mandatory detention under Title 8 United States Code Section 1225(b)(1)(B)(ii), and that the period of detention has not been prolonged to the point that it violates Petitioner's constitutional rights. See Return at 3.

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13,

119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[2]

### DISCUSSION

Section 1225(b)(1)(B)(ii) states: "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum." However, this district court has recognized that:

> "[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community[.]" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government.").
>
> . . . .
>
> Indeed, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will - at some point - violate the right to due process." Singh v. Barr, 400 F. Supp. 3d 1005 (S.D. Cal.

---

[2] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

2019) (internal quotation marks and citations omitted) (collecting cases); see also Maksin v. Warden, Golden State Annex, 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) (collecting cases). This holds true for those detained under Section 1225 . . . . See Gao v. LaRose, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (agreeing with "the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing"); see also Kydyrali v. Wolf, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

. . . "Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." Amado v. United States Dep't of Just., 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." Lopez v. Garland, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. See, e.g., Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

Derbew v. LaRose, Case No. 26-CV-2803 JAO(DEB), 2026 WL 1468308, at *2-3 (S.D. Cal. May 22, 2026) (some alterations in Derbew).

In the instant case, Petitioner had been detained for almost seven months when he filed the Petition. See Petition at ¶ 51. Since there is no indication in the record that Petitioner was released while the Petition has been pending, this Court assumes that his detention has continued since the filing of the Petition. The length of detention - now more than eight months - weighs in favor of Petitioner. See Derbew, 2026 WL 1468308, at *3 (finding that the delay of more than eight months weighed in the petitioner's favor (citing Zadvydas, 533 U.S. at 701, 121 S. Ct. 2491 (treating six months as a "presumptively reasonable period of detention" in a related context); Amado, 2025 WL 3079052, at *5 (noting that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable"))).

Second, Petitioner has not yet had a merits hearing in his removal and asylum proceeding, and, if he is denied relief in those proceedings, Petitioner may appeal to the Board of Immigration Appeals and petition for review by the Ninth Circuit Court of Appeals. Because this process may take years, this Court finds that the anticipated length of detention also weighs in favor of Petitioner. See id.

Finally, other than the initial continuance of the master calendar hearing from September 29, 2025 to November 12, 2025 because Petitioner needed to retain new counsel, the delays in the removal proceedings have not been caused by Petitioner, nor is there any indication that the delays were caused by Respondents. See Petition at ¶¶ 28-32. Having considered all of these factors, this Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, his due process rights have been violated.

Turning to the issue of the appropriate relief, this Court notes that, although Petitioner was previously granted conditional parole, [id. at ¶ 20,] Respondents state that Petitioner's parole expired,[3] [Return at 2,] and Petitioner's Traverse does not address the status of his parole. Further, as previously noted, there is a dispute regarding the issue of whether Petitioner exited the United States on September 13, 2025. See Petition at ¶ 24. This Court therefore concludes that immediate release is not an appropriate remedy based on the existing record in this case. Petitioner's request for immediate release is denied without prejudice.

---

[3] Petitioner's Form I-213 indicates that Petitioner acknowledged during his September 14, 2025 statement that his parole expired on September 6, 2025. See Return, Exh. 1 at 3. Petitioner stated that he applied for a renewal before the expiration date, and he received a letter informing him that the original parole was extended. See id. However, it appears that the CBP officer questioned that representation. See id. (noting "the letter had to be with [original parole document] that he had on him").

7

Petitioner's alternative request for an individualized bond hearing is granted. To address Petitioner's concerns, this Court makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[4]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

## CONCLUSION

For the foregoing reasons, Petitioner Bakhtiar Sahak's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed April 10, 2026, is GRANTED IN PART AND DENIED IN

---

[4] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao, 805 F. Supp. 3d at 1112.

PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order within seven days of the filing of this order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing within fourteen days of the filing of this order.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, June 4, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**BAKHTIAR SAHAK VS. CHRISTOPHER J. LAROSE, ETC., ET AL; CV 26-02292 LEK-SBC; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

3:26-cv-02292-LEK-SBC